IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LARRY BESS, JR. | ) | CIV NO. S-00-1313 GEB GGH P |
| Plaintiff, | ) | |
| | ) | PROPOSED TRIAL DOCUMENTS |
| v. | ) | |
| | ) | |
| S.M. HANNAH, | ) | |
| | ) | |
| Defendant. | ) | |
|  | ) | |

The attached draft voir dire questions, preliminary jury instructions, closing jury instructions, and verdict form are provided to the parties for their consideration.  Any proposed modifications should be submitted as soon as practicable.

Dated:  May 25, 2005

                         /s/ Garland E. Burrell, Jr.
                         GARLAND E. BURRELL, JR.
                         United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY BESS, JR.                    )
                                   )    CIV NO. S-00-1313 GEB GGH P
              Plaintiff,           )
                                   )    <u>VOIR DIRE</u>
         v.                        )
                                   )
S.M. HANNAH,                       )
                                   )
              Defendant.           )
—————————————————————————)

     Good morning, and welcome to the United States District
Court.  Thank you for both your presence and your anticipated
cooperation in the questioning process we are about to begin.  You
are performing an important function in our legal system.

     The court personnel who will assist me in this trial are on
the platform below me.  My Courtroom Deputy is Shani Furstenau.
She's on the platform below me on my left side.  Next to her is my
Certified Court Reporter, Kimberly Watkins.

     We are about to begin what is known as voir dire.  The
purpose of voir dire is to have each of you disclose any feelings,
bias, and prejudice against or in favor of any party, so we can
ascertain which of you can fairly sit as a juror in this particular

1

case.  Voir dire consists of questions designed to tell the parties some general things about each prospective juror, and to provide the parties with information about whether a prospective juror should be a juror in this case.  It allows the parties to exercise more intelligently their peremptory challenges and enables the Court to determine whether or not any prospective juror should be excused for cause.  Challenges for cause permit rejection of prospective jurors for a legally cognizable basis of partiality. Each side is given certain peremptory challenges.  The parties will exercise their peremptory challenges after the questioning is complete.

1.   Ms. Furstenau, please administer the oath to the panel.

2.   Parties, the Jury Administrator has already randomly selected potential jurors and placed their names on the sheet that has been provided to each party in the numerical sequence in which they were randomly selected and each juror has been placed in his or her randomly-selected seat.

3.   I will ask a series of questions as a group.  If you have a response, please raise your hand or the number you've been given, which reflects your seat number.  Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, with the lowest seat numbered juror responding first.  The juror in the lowest seat number is in the top row of the jury box on the right-hand side of the box, viewing the jury box from the perspective of a person addressing jurors from the podium.  The 8th juror is in the same row on the left-hand

side of that row. The 9th juror is in the right-hand seat in the bottom row.  Juror 16 is on the right in the chairs in front of the jury box, juror 17 is in the middle, and juror 18 is on the left. If no juror raises his or her hand, I will simply state "no response" for the record and then immediately ask the next question.  If you know it is your turn to respond to a question, you may respond before I call your name.  That should expedite the process.

    2.   The trial in this case is expected to last two days. The trial day will begin at 9:00 a.m. and usually end around 4:30 p.m. but we could continue later than 4:30 p.m.  As soon as you commence jury deliberations, you will be expected to deliberate daily during those hours, including Mondays and Fridays, if necessary, but not on the weekends, until you complete your deliberations.  Will any of you find it difficult or impossible to participate in this trial for this period of time?

    3.   Is there any member of the panel who has any special disability or problem that would make it difficult or impossible for that person to serve as a member of this jury?

    4.   Would plaintiff introduce himself and indicate any witness that plaintiff may choose to call.

    5.   Defendant's counsel now has the opportunity to do the same thing.

      Do you know any of the named individuals or any of the potential witnesses; or ever had any business or other dealings with any person just named?

3

6.  This is a civil case in which Plaintiff, a state prisoner, claims Defendant used excessive force against him in violation of Plaintiff's Eighth Amendment right and certain state laws.  Defendant denies the allegations.

7.  Is there anything about the allegations in this lawsuit that causes any potential juror to prefer not being a juror in this type of case?

8.  Do you have any belief or feeling which you suspect could interfere with your ability to be a fair and impartial juror on this case?

9.  Have you ever served as a juror in a criminal or a civil case, either in federal or state court?

i.  Please state the nature of the case and, without stating the result reached, state whether the jury reached a verdict.

10.  Each of you will have to determine who is telling the truth.  Please raise your hand if you are unwilling or not comfortable judging a witness' credibility and making this kind of decision?

11.  Plaintiff will present his case first.  Only after the plaintiff has presented his case will Defendant have an opportunity to present his side of the case.  Please raise your hand if you can not agree to keep an open mind and make no decisions about the evidence until after all the evidence has been presented by both sides and I have instructed you regarding the law in this case.

12.   It is important that I have your assurance that you will, without reservation, follow my instructions and rulings on the law.  To put it somewhat differently, whether you approve or disapprove of the court's rulings or instructions, it is your solemn duty to accept as correct these statements of the law.  You may not substitute your own idea of what you think the law ought to be.  Please indicate by raising your hand if you will not be able to follow the law as given to you by me in this case.

13.   Is there any reason why you could not be fair to both sides in this case?

14.   My deputy clerk will give juror number 1 a sheet on which there are questions that I want each of you to answer. Please pass the sheet to the juror next to you after you answer the questions.

       (a)   Name

       (b)   Age

       (c)   Educational background

       (d)   Your marital status

       (e)   Present and former occupations for you and your spouse and/or the most significant person in your life (including military service)

       (f)   Part of the state in which you live

       (g)   Ages and occupations of children

17.   Each side has ten minutes for follow-up voir dire.

**PRELIMINARY INSTRUCTION 1**


Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

**PRELIMINARY INSTRUCTION 2**

The evidence you are to consider in deciding what the facts are consists of:

     (1)  the sworn testimony of any witness;

     (2)  the exhibits which are received into evidence; and

     (3)  any facts to which the parties stipulate.

## PRELIMINARY INSTRUCTION 3

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)     statements and arguments of Plaintiff when he is not testifying or of Defendant's attorneys;

(2)     questions and objections of Plaintiff or Defendant's attorney;

(3)     testimony that I instruct you to disregard; and

(4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## PRELIMINARY INSTRUCTION 4

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**PRELIMINARY INSTRUCTION 5**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

It is for you to decide how much weight to give to any evidence.  It is also for you to decide whether a fact has been proved by circumstantial evidence.  In making that decision, you must consider all the evidence in the light of reason, common sense, and experience.

**PRELIMINARY INSTRUCTION 6**

There are rules of evidence that control what can be received into evidence.  There may be an objection to a question asked or an exhibit offered  into evidence.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## PRELIMINARY INSTRUCTION 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness' memory;

(3)     the witness' manner while testifying;

(4)     the witness' interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness' testimony;

(6)     the reasonableness of the witness' testimony in light of all the evidence;

(7)     whether the witness has been convicted of a felony; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**PRELIMINARY INSTRUCTION** 8

You are to consider only the evidence in the case.  But in your consideration of the evidence you are not limited to the bald statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which your reason and common sense lead you to draw from facts which have been established by the evidence in the case.

Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life, and that the law has been obeyed.

## PRELIMINARY INSTRUCTION  9

I am now going to give you jury admonitions that you must remember.  When we take recesses I will reference these admonitions by telling you to remember the admonitions or something similar to that.  You are required to follow these admonitions whether or not I remind you to remember them:

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, though it is a normal human tendency to converse with people with whom one is thrown in contact, please do not, during the time you serve on this jury, converse whether in or out of the courtroom, with any of the parties or their attorneys or any witness.  By this I mean not only do not converse about the case,  but do not converse at all, even to pass the time of day.  In no other way can all the parties be assured of the absolute impartiality they are entitled to expect from you as jurors;

There may be occasions when you come upon one of the attorneys or parties in this case outside the courtroom.  The attorneys and parties are now instructed not to communicate with you.  Therefore, their failure to acknowledge you should not be interpreted as being impolite, but merely following the Court's orders;

Third, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Fourth, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fifth, if you need to communicate with me simply give a signed note to my courtroom deputy clerk, who will give to me; and

Sixth do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

**PRELIMINARY INSTRUCTION 10**

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

## PRELIMINARY INSTRUCTION 11

If you wish, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you so that you do not hear other answers by witnesses.  When you leave, your notes should be left in the jury room.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by the notes.

**PRELIMINARY INSTRUCTION 12**


    The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

    The Plaintiff will then present evidence, and counsel for the Defendant may cross-examine.  Then the Defendant may present evidence, and the Plaintiff may cross-examine.

    After the evidence has been presented, Plaintiff and the attorney for Defendant may make closing arguments and I will instruct you on the law that applies to the case.

    After that, you will go to the jury room to deliberate on your verdict.

INSTRUCTION NO. 1.

Members of the jury, now that you have heard all the evidence and the arguments of the Plaintiff and the attorney for Defendant, it is my duty to instruct you on the law which applies to this case. Each of you is in possession of a copy of these jury instructions, which you may take into the jury room for your use if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

INSTRUCTION NO. 2.


The evidence from which you are to decide what the facts are consists of:

(1)  the sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

(2)  the exhibits which have been received into evidence; and

(3)  any facts to which all the parties have agreed or stipulated.

INSTRUCTION NO. 3.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by Defendant's counsel or Plaintiff while not testifying are not evidence.  Defendant's attorney is not a witness.  What Plaintiff and Defendant's attorney have said in their opening statements, or will say in their closing arguments and at other times, is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the they have stated them, your memory of them controls.                    (2)     Questions and objections by Plaintiff or Defendant's attorney are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

3

INSTRUCTION NO. 4.


Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

It is for you to decide whether a fact has been proved by circumstantial evidence.  In making that decision, you must consider all the evidence in the light of reason, common sense, and experience.

INSTRUCTION NO. 5.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness' memory;

3.    the witness' manner while testifying;

4.    the witness' interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness' testimony;

6.    the reasonableness of the witness' testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

5

INSTRUCTION NO. 6.


   During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial .  Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by the jury, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

INSTRUCTION NO. 7.


Certain charts and summaries that have not been received into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

INSTRUCTION NO. 8.


You have heard evidence that a witness has been convicted of a felony. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to give to the testimony of that witness.

INSTRUCTION NO. 9.

Plaintiff claims that Defendant, by using excessive and unnecessary force against him, violated Plaintiff's Eighth Amendment constitutional rights.

Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.  To prevail on this claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, that Defendant used force against Plaintiff maliciously and sadistically, for the very purpose of causing Plaintiff harm;

Second, that Plaintiff suffered some harm as a result of Defendant's use of force; and

Third, that Defendant's acts were the proximate result of any damages sustained by Plaintiff.

The terms "maliciously" and "sadistically" in the first element mean to intentionally do a wrongful act without just cause or excuse, with the intent to inflict injury. An officer has the right and the duty to use such reasonable force as is necessary under the circumstances to maintain order and assure compliance with prison regulations.  Prison officials are given wide-ranging deference in the adoption and execution of policies and practices that, in their judgment, are needed to preserve internal order and discipline and to maintain internal security in the prison.

Some of the things you may want to consider in determining whether the elements have been proved include (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably

perceived by the responsible official, and (5) any efforts made to temper the severity of a forceful response.

    If you should find for Plaintiff and against Defendant, you must then decide the issue of Plaintiff's damages. For damages to be the proximate result of a constitutional deprivation, it must be shown that, except for that constitutional deprivation, such damages would not have occurred.

    It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, I do not mean to suggest for which party your verdict should be rendered.

    Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money which will reasonably and fairly compensate Plaintiff.  You should consider the mental, physical, and emotional pain which, with reasonable probability, will be experienced in the future.  Damages must not be based on speculation or guesswork.

INSTRUCTION NO. 10.

If you find for Plaintiff on his Eighth Amendment claim, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter a defendant and others from committing similar acts in the future.

Plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that Defendant's conduct was malicious, or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety, rights , or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of Defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on Plaintiff.

11

INSTRUCTION NO. 11.


Plaintiff also alleges under California tort law that Defendant battered, assaulted, and subjected him to negligent injury.  Before Plaintiff can pursue any of these claims, he must prove that he submitted these claims to the Victim Compensation and Government Claims Board within six months of July 5, 1997.  If this is not proved by a preponderance of the evidence, Plaintiff is not entitled to sue Defendant for these claims.

INSTRUCTION NO. 12.


To prevail on his negligence claim, Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

First, that Defendant was negligent; and

Second, that Defendant's negligence was a legal cause of injury, damage, or harm to Plaintiff.

INSTRUCTION NO. 13.


An act is the "legal cause" of an injury, harm, or damage if it played a substantial part of bringing about or actually causing harm, injury, or damage.  It plays a substantial part if the evidence shows the injury, harm, or damage was either a direct result or a reasonably foreseeable consequence of the act or omission.

INSTRUCTION NO. 14.


        Defendant claims that Plaintiff's alleged harm, injury, or damage was caused in whole or in part by Plaintiff's own negligence.   To succeed on this claim, Defendant has the burden of proving each of the following elements:

        First, that Plaintiff was negligent; and

        Second, that Plaintiff's negligence was a legal cause of his harm, injury or damage

        If Defendant proves these elements, should the jury decide to award Plaintiff damages, those damages are reduced by the percentage of Plaintiff's own negligence.

INSTRUCTION NO. 15.

To prevail on his battery claim, Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

First, that Defendant used unreasonable force in his interaction with Plaintiff on July 5, 1997; and

Second, that the unreasonable force was a legal cause of harm, injury or damage to Plaintiff.

A correctional officer may use reasonable force to preserve internal order, and maintain internal security in the prison.  In deciding whether Defendant used unreasonable force, you must determine the amount of force that would have appeared reasonable to a correctional officer in Defendant's position under the same or similar circumstances.

INSTRUCTION NO. 16.


To prevail on his assault claim, Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

First, that Defendant intentionally did an act that made Plaintiff reasonably believe that he was about to be touched in a harmful or offensive manner;

Second, that a reasonable person in Plaintiff's situation would have been offended by the touching;

Third, that Plaintiff was harmed; and

Fourth, that Defendant's conduct was a legal cause of Plaintiff's harm.

INSTRUCTION NO. 17.


If you find for Plaintiff on Plaintiff's negligence, assault and battery claims, you must determine Plaintiff's damages.  Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

The nature and extent of the injuries; and

The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

INSTRUCTION NO. 18.


Plaintiff also claims entitlement to punitive damages on his battery and assault claims.  If Plaintiff proves by clear and convincing evidence that Defendant has been guilty of oppression, fraud, or malice, Plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing Defendant.  "Malice" means conduct which is despicable and which is carried on by the defendant with a willful and conscious disregard for the safety of others.  A person acts with conscious disregard of the safety of others when he is aware of the probable dangerous consequences of his conduct and willfully and deliberately fails to avoid those consequences.  "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.  "Despicable conduct" is conduct which is so vile that it would be looked down upon and despised by ordinary decent people.  In arriving at any award of punitive damages, the following factors are considered:  (1) the reprehensibility of the conduct of Defendant; (2) the amount of punitive damages which will have a deterrent effect on Defendant in the light of Defendant's financial condition; and (3) the punitive damages award must bear a reasonable relation to the injury, harm, or damage actually suffered by Plaintiff.

INSTRUCTION NO. 19.


"Clear and convincing" evidence means evidence of such convincing force that it demonstrates, in contrast to the opposing evidence, a high probability of the truth of the fact  for which it is offered as proof. Such evidence requires a higher standard of proof than proof by a preponderance of the evidence.

You should consider all of the evidence bearing upon every issue regardless of who produced it.

INSTRUCTION NO. 20.

"Preponderance of the evidence" means evidence that has more convincing force than that opposed to it. If the evidence is so evenly balanced that you are unable to say that the evidence on either side of an issue preponderates, your finding on that issue must be against the party who had the burden of proving it.

INSTRUCTION NO. 21.

Plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

Defendant has the burden of proving by a preponderance of the evidence:

First, that Plaintiff failed to use reasonable efforts to mitigate damages; and

Second, the amount by which damages would have been mitigated.

INSTRUCTION NO. 22.

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 23.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

INSTRUCTION NO. 24.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

INSTRUCTION NO. 25.


After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that will be given to you, sign and date it and advise the United States Marshal's representative outside your door that you are ready to return to the courtroom.

INSTRUCTION NO. 26.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Marshal's representative, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

```
                    IN THE UNITED STATES DISTRICT COURT

                 FOR THE EASTERN DISTRICT OF CALIFORNIA


LARRY BESS, JR.                   )
                                  )     CIV NO. S-00-1313 GEB GGH P
               Plaintiff,         )
                                  )     VERDICT FORM
        v.                        )
                                  )
S.M. HANNAH,                      )
                                  )
               Defendant.         )
                                  )
```

                    We the jury find the following Verdict:


QUESTION 1:


               Does Plaintiff prevail on his Eighth Amendment claim?

                              YES ____

                              NO  ____


               If your answer is "NO," then answer Question 4.  If
your answer is "YES," answer the next question.

QUESTION 2:

What sum of money do you award on Plaintiff's Eighth Amendment claim?

$_____

Answer the next question.

QUESTION 3:

Does Plaintiff recover punitive damages on his Eighth Amendment right?

YES ____

NO ____

Answer the next question.

QUESTION 4:

Did Plaintiff timely submit California tort claims to the Victim Compensation and Government Claims Board?

YES ____

NO ____

If your anser is "NO," the foreperson should sign, date, and return this Verdict.  If your answer is "YES," answer the next question.

QUESTION 5:

Does Plaintiff prevail on his negligence claim?

YES _____

NO  _____


If your anser is "NO," answer Question 7.  If your answer is "YES," answer the next question.


QUESTION 6:

What is the total sum of money you award Plaintiff on Plaintiff's negligence claim?


$_____


Answer the next question.


QUESTION 7:

Does Plaintiff prevail on his battery claim?

YES _____

NO  _____


If your anser is "NO," answer Question 10.  If your answer is "YES," answer the next question.

1  QUESTION 8:

2  What is the total sum of money you award Plaintiff on

3  Plaintiff's battery claim?

4

5  $_____

6

7  Answer the next question.

8

9  QUESTION 9:

10  Does Plaintiff recover punitive damages on his battery

11  claim?

12  YES ____

13  NO  ____

14

15  Answer the next question.

16

17  QUESTION 10:

18  Does Plaintiff prevail on his assault claim?

19  YES ____

20  NO  ____

21

22  If your answer is "NO," date, sign, and return this

23  Verdict.  If your answer is "YES," answer the next question.

24

25

26

27

28

QUESTION 11:

What is the total sum of money you award Plaintiff on Plaintiff's assault claim?

$_____

Answer the next question.

QUESTION 12:

Does Plaintiff recover punitive damages on his assault claim?

YES _____

NO  _____

Date, sign, and return this Verdict.


SO SAY WE ALL.

DATED:_____          _____

FOREPERSON